# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICK L. EDWARDS,

    Plaintiff,

    v.                                                      Case No. 05-C-1243

ST. MARY'S MEDICAL CENTER INC. and
MD JASBER SRA,

    Defendants.

# ORDER

    Plaintiff Rick L. Edwards, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's motion for leave to proceed in forma pauperis.

    The plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $1.23.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976),

construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also, Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

The plaintiff is incarcerated at Racine Correctional Institution (RCI). The defendants are St. Mary's Medical Center, which is located in Racine, Wisconsin, and Dr. Jasber S. Sra. The defendants are not "a part of" the Wisconsin Department of Corrections (DOC). (Complaint ¶ I.D.)

The plaintiff alleges that on July 18, 2005, defendant Dr. Sra implanted an "implantable cardioverter defibrillator" (ICD) in the plaintiff. (Complaint ¶ IV.A). According to the plaintiff, this action constitutes malpractice and negligence, and it caused injury to his body. The

- 3 -

defendants did not conduct appropriate medical testing to determine the need for an ICD. The plaintiff did not consent to the insertion of the ICD in his chest and he does not need the implant. The plaintiff also asserts that other doctors had determined that the plaintiff required medical care other than an ICD. For relief, the plaintiff seeks, 1) $300,000 from defendant Dr. Sra for "neglect – injury to my body, scar"; 2) $500,000 from defendant Dr. Sra for malpractice; and 3) $800,000 for pain and suffering. (Complaint ¶ V.)

As an initial matter, the court will address whether defendant St. Mary's Medical Center is a proper defendant in this § 1983 action. A private corporation can be held liable under § 1983 for its employees' constitutional violations only if an official corporate policy caused the violation. See Woodward v. Correctional Med. Servs. of Ill., Inc., 368 F.3d 917, 927 (7th Cir. 2004); Iskander v. Vill. of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982). Here, the plaintiff alleges that the actions taken by defendant St. Mary's Medical Center are the same as that of defendant Dr. Sra, namely neglect, malpractice, and bodily injury for implanting the ICD. There is no allegation with regard to any corporate policy. Accordingly, defendant St. Mary's Medical Center is not a proper defendant and will be dismissed from this action.

It is not clear from the complaint whether the plaintiff was incarcerated at a DOC institution when the complaint allegations took place. However, for the purposes of screening the complaint, the court assumes that he was and that, therefore, defendant Dr. Sra is a state actor under § 1983. See West v. Atkins, 487 U.S. 42, 53 n.10 (1988) (private physician hired by State to provide medical care to prisoners was state actor because doctor was hired to fulfill State's constitutional obligation to attend to necessary medical care of prison inmates).

Construing the plaintiff's complaint liberally, the plaintiff's allegations arguably state a potential Eighth Amendment deliberate indifference to a serious medical need claim. To

- 4 -

establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001); see also, Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Zentmyer v. Kendall County, Ill., 220 F.3d 805, 810 (7th Cir. 2000).

The deliberate indifference rule is a high standard. For purposes of the Eighth Amendment, deliberate indifference is neither negligence, nor gross negligence. Haley v. Gross, 86 F.3d 630, 644 (7th Cir. 1996). Medical malpractice does not constitute deliberate indifference. Kelley v. McGinnis, 899 F.2d 612, 616 (7th Cir. 1990). Instead, deliberate indifference requires a certain culpable mental state comparable to criminal recklessness. Wilson v. Seiter, 501 U.S. 294, 302 (1991). It is a subjective standard, requiring that the defendant actually knew of an excessive risk of harm and consciously disregarded that risk, or that he knew of facts from which he inferred the risk and then intentionally disregarded that risk. Farmer, 511 U.S. at 834.

As the court explained in Estate of Cole, 94 F.3d 254, 261-62 (7th Cir. 1996):

[D]eliberate indifference may be inferred based on a medical professional's erroneous treatment decision only when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment.

Here, the plaintiff is suing the defendants for negligence and malpractice for implanting an ICD in him that he says was not necessary medically. However, disagreement with medical professionals about treatment needs does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of Estelle v. Gamble, 429 U.S. 97 (1976). Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003). Negligence is not enough to sustain a

- 5 -

claim under 42 U.S.C. § 1983. Thomas v. Farley, 31 F.3d 557, 558 (7th Cir. 1994); see also, Antonelli v. Sheahan, 81 F.3d 1422, 1429 (7th Cir. 1996).

In sum, this plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims under § 1983. See House v. Belford, 956 F.2d 711, 720 (7th Cir. 1992) (quoting Williams v. Faulkner, 837 F.2d 304, 308 [7th Cir. 1988], aff'd sub nom. Neitzke v. Williams, 490 U.S. 319 [1989]). Accordingly, this action is subject to dismiss for failure to state a claim.[1] See 28 U.S.C. § 1915(e)(2)(B)(2).

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's request to proceed in forma pauperis be and hereby is **granted**.

**IT IS FURTHER ORDERED** that defendant St. Mary's Medical Center is **dismissed** from this action.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

---

[1]The court notes that the plaintiff filed a petition for medical records (Docket #8), a petition for relief (Docket #9), a petition for medical records (Docket #15) and a petition for relief (Docket #16). In light of the court's decision and order, these matters need not be addressed.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $ 248.77 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this 2nd day of February, 2006.

BY THE COURT:

s/ Rudolph T. Randa
RUDOLPH T. RANDA
Chief United States District Judge